**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN H. TODD, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> FRANK SKRAH; et al., <br><br> Defendants-Appellees. | No. 17-36034 <br><br> D.C. No. 1:17-cv-00738-CL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted June 12, 2018[**]

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

John H. Todd appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional violations arising from the

seizure of neglected cats pursuant to a search warrant. We have jurisdiction under

28 U.S.C. § 1291. We review de novo the district court's dismissal on the basis of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claim preclusion. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). We affirm.

The district court properly dismissed Todd's unreasonable search and seizure claim against defendants Skrah and Klamath County Sheriff's Department on the basis of claim preclusion because Todd's claim was raised, or could have been raised, in a prior action between the parties or those in privity with them, and the prior action resulted in a final judgment on the merits. *See id.* (setting forth elements of claim preclusion under federal law); *see also Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) ("Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Todd's motion for reconsideration under Federal Rule of Civil Procedure 59(e) because Todd failed to establish grounds for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing factors for relief from judgment under Rule 59(e)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including the dismissal of Todd's equal protection claim and his claim against Gerald Warren. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2

(9th Cir. 2009).

We reject as unsupported by the record Todd's contentions that the district court was biased against him as a pro se litigant and "rubber stamped" defendants' arguments.

**AFFIRMED.**

17-36034